PER CURIAM.
Appellant seeks review of a final judgment entered against her and for the ap-pellees in an action brought against her by appellees for an alleged breach of an exclusive agreement to pay appellees a real estate broker’s commission for finding a purchaser for appellant’s home.
*679 The written listing agreement provided for a sale price of $14,500.00, terms all cash above the existing mortgage of $6,000.00.
Appellees tendered a sales contract executed by a customer agreeing to buy the property for $14,500.00, all cash above the existing mortgage. The contract acknowledged receipt of a $100.00 check to be held in escrow by the brokers. The agreement was dated and presented to the appellant on February 28, 1970 and provided that unless executed, by seller by midnight March 1st it would become void. It also provided that possession must be given up by the seller on March 31st, or 31 days after the contract was presented to the seller, regardless of the actual closing. The agreement called for the seller to furnish an abstract brought up to date, after which purchaser would have thirty days to close.
The seller, an elderly woman living only on her social security checks, directed the broker to send the contract to her brother in Atlanta for acceptance since she had executed a quit claim deed to him after listing the property for sale. Neither the brother nor the appellant ever signed the agreement for sale.
The brokers sued for a commission alleging that they had found a purchaser ready, willing and able to buy the property on the terms of the listing agreement. The appellant’s answer denied the material allegations of the complaint. The issues were tried non-jury and judgment was entered for the brokers for the commission in the amount claimed.
The point on appeal is whether or not the trial court erred in rendering judgment for the brokers.
We have carefully considered the record on appeal and briefs of counsel and have concluded that the brokers failed to prove that they performed all the things required of them under the listing agreement in that they failed to comply with paragraph two of the said agreement, providing that the usual and customary practice for closing the transaction shall apply. Therefore, the brokers were not entitled to a brokerage commission.
For the reasons stated, the judgment appealed is reversed.
Reversed.